199 So.2d 849

**John P. HAMRICK**

**v.**

**STATE of Alabama.**

**6 Div. 406.**

Supreme Court of Alabama.

June 1, 1967.

Rehearing Denied June 22, 1967.

McCollough & McCollough, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment denying and dismissing a petition for habeas corpus after a hearing.

On November 7, 1966, the District Attorney of Jefferson County filed a petition in the circuit court for the commitment and examination of appellant, seeking to have him declared a criminal sexual psychopathic person under the provisions of Act No. 981, Acts of Alabama 1951, p. 1655, as amended, and listed in the 1958 Recompilation as Tit. 15, §§ 434–442.

A demurrer to the petition was filed, argued and overruled, and still on the same day, November 7, a petition for habeas corpus was filed, heard and denied in this court.

On November 8, the trial court appointed two psychiatrists, admittedly "qualified" in appellant's brief, to make a personal examination of appellant and to file with the court a report in writing of the results of their examination together with their conclusions and recommendations within a reasonable time.

Later that day, petitioner presented a writ of habeas corpus seeking admission to bail or, in the alternative, to being discharged, which, after a hearing, was denied and dismissed. An appeal was taken immediately and the transcript was filed that afternoon in this court. On the morning of November 9, 1966, this court set appellant's bond at $5,000 and he was released that afternoon upon posting bail.

Prior to all the events listed supra, appellant had been arrested, and later indicted, on two separate charges of rape by two different women. Preliminary trials on both charges were held on April 13, 1966. At that time, only the woman alleged to have been raped testified in each case. Bond was set in each case and one case was tried on September 12, 1966, which resulted in a verdict of "not guilty." The other case was set for trial on November 7, 1966, but on that date the District Attorney filed the petition for the commitment and examination of appellant as a criminal sexual psychopathic person.

■ Appellant argues that the statute, listed in the 1958 Recompilation as Tit. 15, §§ 434–442, as amended, is unconstitutional on its face. He argues that a district attorney could invoke the operation of statute by merely filing a statement that he believes an accused is a criminal sexual psychopathic person. This does not comply with the requirements of § 436, as amended, and we do not believe any judge in this state would order a commitment or examination on such a statement. But even if such an order were made, it could be reviewed. But such is not the case here.

■ The District Attorney attached to his petition a transcript of the testimony of the complaining witnesses in each of the preliminary hearings on the rape charges. This was *all* the evidence in those proceedings and *all* the evidence before us. We will not delineate it here because it may be different whenever there is a hearing. But we do state that the only evidence before us is amply sufficient to support the charge that appellant is a criminal sexual psychopathic person, and was ample to justify the order of the circuit judge for the examination, and if believed, is ample to support an order of commitment to protect society and to protect appellant.

**152**

Assuming, for the sake of argument, that appellant was not guilty of rape because each of the prosecuting witnesses consented to the sexual intercourse, there is still enough evidence of indignities and acts of perversion by appellant to justify the charge that he is a criminal sexual psychopathic person.

Appellant argues that § 437, as amended, does not say when the report of the psychiatrists should be filed with the court, but he admits that the circuit judge ordered this report to be filed within a reasonable time.

 Appellant also argues that there are no "guidelines" for the hearing provided for in § 438 and no requirement for counsel for the person accused. We note that this hearing has not yet been held because the proceedings have not reached that stage. The answer to his contentions is that this "hearing" is a judicial hearing surrounded by all the requirements of due process. And certainly appellant is not going to be afflicted with these supposed objections. He is ably represented, his hearing will be before a qualified judge and any action taken can be reviewed by an appellate court.

We concede that it is possible that some of the dire consequences foreseen by appellant in some other case, not his, might result; but any arbitrary, capricious abuse of due process may be corrected in an appellate court. It is possible that there can be an unconstitutional application of a statute permitting the involuntary commitment or detention of a person, but this possibility does not render the statute unconstitutional.

Appellant cites the case of Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed. 2d 326, decided by the Supreme Court of the United States on April 11, 1967, which struck down the Sex Offenders Act of Colorado. But that act allowed an accused to be sentenced without an adversary hearing.

Our statute is similar to the Minnesota statute, the constitutionality of which was upheld in State of Minnesota ex rel. Pearson v. Probate Court, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744. In Specht v. Patterson, supra, the Federal Supreme Court said: "The case is therefore quite unlike the Minnesota statute we considered in State of Minnesota ex rel. Pearson v. Probate Court of Ramsey County, Minn., 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744, where in a proceeding to have a person adjudged a 'psychopathic personality' there was a hearing where he was represented by counsel and could compel the production of witnesses on his behalf."

We are not willing to say that the statute is unconstitutional on its face. As already stated, no hearing has yet been had on the merits of the charge.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.